**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANCESTRY.COM OPERATIONS INC., | ) | |
| ANCESTRY.COM DNA, LLC, | ) | Case No: _____ |
| | ) | |
| Plaintiffs, | ) | Principal Litigation pending in the |
| | ) | United States District Court for the |
| | ) | Southern District of Ohio |
| v. | ) | Civil Action No. 1:15-cv-00737-SSB-SKB |
| | ) | |
| | ) | |
| DNA DIAGNOSTIC CENTER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO COMPEL NON-PARTY GROUPON, INC.,
TO RESPOND TO SUBPOENA SERVED ON JULY 1, 2016**

Ancestry.com Operations Inc. and Ancestry.com DNA, LLC (collectively referred to as "Ancestry") respectfully request that the Court compel non-party Groupon, Inc. ("Groupon") to respond in full to Ancestry's Subpoena to Produce Documents served July 1, 2016 ("the Subpoena", attached as Exhibit A) pursuant to Federal Rule of Civil Procedure 45. In support of this Motion, Ancestry submits the following.

**INTRODUCTION**

Currently pending in the United States District Court of the Southern District of Ohio is a case initiated by Ancestry against Defendant DNA Diagnostic Center, Inc ("DDC"). In the case, Ancestry alleged, *inter alia*, claims for trademark infringement and unfair competition. Discovery is ongoing. In further support of its claims, Ancestry served a subpoena on July 1, 2016, on Groupon for, among other things, documents showing that DDC and Groupon created consumer confusion through their advertisements of DDC's "AncestrybyDNA" products and services. Groupon received the subpoena but has not yet fully complied.

Ancestry has made repeated attempts, as required by Local Rule 37.2, through email and telephone correspondence with Groupon's outside counsel in an effort to resolve this matter without the Court's intervention.  To date, Groupon has refused to fully respond to Ancestry's July 1, 2016 Subpoena, thus necessitating this Motion.

Groupon failed to timely move to quash the Subpoena and this Court should therefore grant Ancestry's motion as a matter of procedure.  *See Jallali v. Nova Se. Univ.*, No. 11 C 8115, 2012 WL 2368322, at *3 (N.D. Ill. June 21, 2012) (finding courts in this district have held that in order to be "timely" under Rule 45(c)(3)(A), a motion to quash a subpoena must be filed on or before the date of compliance).  Groupon also failed to timely object to the subpoena in accordance with Fed. R. Civ. P. 45(d)(2)(B), which required that Groupon serve any objections "**before the earlier** of the time specified for compliance (extended to August 12, 2016) or 14 days after the subpoena is served" (emphasis added).  Thus, Groupon was required to serve any objections to Ancestry's subpoena by July 15, but did not. Fed R. Civ. P. 45(d)(2)(B).  Although Groupon has acknowledged that it has thousands of responsive, non-privileged documents in its possession, which would not be unduly burdensome to produce, Groupon only made a very limited document production on August 12, 2016, which included a short cover letter that did not inform Ancestry of any specific objections and provided only a few general objections. (See August 12, 2016 Letter, attached as Exhibit B).

To date, Groupon has produced approximately 35 pages of responsive documents, but admits to having thousands of additional responsive, non-privileged documents in its possession. Discovery is needed from Groupon because it possesses documents relevant to the pending above-captioned case between Ancestry and DDC (hereinafter the "Litigation").  Ancestry's claims against DDC in the Litigation include claims for trademark infringement, unfair

competition, and breach of contract -- all stemming in part from DDC's use of Ancestry's registered trademarks in Groupon advertisements.  Ancestry's subpoena seeks four types of documents:  (a) the advertisements at issue; (b) consumer complaints sent to Groupon about the advertisements at issue, (c) communications between Groupon and DDC concerning the creation, planning, and drafting of the Groupon advertisements and concerning Ancestry's trademarks; and (d) evidence of actual consumer confusion caused by DDC's and Groupon's collective actions.

Groupon has already performed a search and has admitted that it possesses documents sought by the Subpoena including, but not limited to: (a) approximately 14,000 "consumer complaint tickets" that concern Groupon's advertisements for DDC's products; (b) communications between at least eight Groupon employees and DDC concerning the advertisements; and (c) copies of the Groupon advertisements at issue.  Groupon has provided no reasonable basis for failing to fully comply with the Subpoena, despite Ancestry granting Groupon an extension of time to respond and conferring with Groupon in good faith.  The discovery deadline in the underlying Litigation is quickly approaching and Ancestry needs Groupon's documents in advance of Groupon's anticipated deposition.

Accordingly, Ancestry requests that this Court grant its Motion to Compel and order Groupon to fully and completely respond to that Subpoena by producing the requested documents because Ancestry's requests are narrowly tailored to obtain highly relevant information that is necessary for the Ohio District Court's consideration of the claims in the underlying Litigation.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Ancestry served the Subpoena on non-party Groupon on July 1, 2016. As set forth in the Subpoena, Groupon's deadline to provide responsive documents was July 22, 2016. (*See* Exhibit A.) Pursuant to Fed. R. Civ. P. 45(d)(2)(B), Groupon's deadline to serve objections was July 15, 2016. Groupon did not serve any objections until August 12, 2016, at which point it served only a few sentences of non-specific, "general" objections that were set forth in a cover letter to Ancestry's counsel. (*See* Exhibit B.)[1] Ancestry agreed to allow Groupon until August 12, 2016, to produce responsive documents. However, when Groupon finally did respond on August 12, 2016, Groupon produced only 33 pages of documents.

At the time Groupon made its production on August 12, 2016, Groupon's paralegal overseeing the production acknowledged that its production was incomplete and assured Ancestry that more documents were forthcoming, stating: "as discussed, we will supplement our response shortly." (*See* Exhibit B.) For example, Groupon's paralegal indicated that complete records regarding the revenues that Groupon received from the advertisements were in her possession, but that she did not have authorization to send them, even if they were designated as "attorney's eyes only" or "confidential" under the protective order entered in the Litigation. Groupon's employee also indicated over the telephone that Groupon had an unusually high volume of consumer complaints related to DDC's Groupon advertisements, yet none have been provided. These consumer complaints are only in possession of Groupon and go to the heart of the issues in the Litigation. Despite multiple subsequent conversations with Groupon's outside counsel concerning the deficiencies in an attempt to resolve this issue without the Court's involvement, Groupon has still refused to complete its production.

---

[1] Groupon also never executed the required Declaration of Records Custodian.

This Court's intervention is urgently needed to ensure Groupon's compliance with Ancestry's Subpoena. To date, Groupon still owes Ancestry the following documents, all of which bear directly on Ancestry's claims against DDC in the Litigation:

- All documents sufficient to identify each and every advertisement that Groupon published, distributed or marketed in any manner for DDC's "AncestrybyDNA" products/services, from January 1, 2011 to the present. Ancestry needs to be able to identify each advertisement that ran, how much revenue was generated by each advertisement, how many products were sold in connection with each advertisement, and during what time period the advertisement ran. Groupon has provided Ancestry a small piece of this information, but has not made a complete production.

- All documents and communications between Groupon and DDC, from January 1, 2011 and the present, concerning: (1) creating, planning, drafting, editing, revising, or finalizing any advertisement or marketing for the "AncestrybyDNA" products/services; and (2) Ancestry, its products/services, or its trademarks. These are narrow requests and Groupon has acknowledged that producing the responsive documents would not be unduly burdensome.

- All documents and communications evidencing consumer complaints, reviews, or correspondence that Groupon received, from January 1, 2011 to the present, concerning any "AncestrybyDNA" advertisements where the customer (1) mentioned Ancestry, its products/ services, or its trademarks; or (2) stated in any way that they had not received the product/service they expected, or the type of product/service they expected.

(*See* Exhibit A.)

## **LEGAL ARGUMENT**

Groupon failed to timely move to quash the Subpoena, and the Court should therefore grant Ancestry's motion as a matter of procedure. *See Jallali, supra*; *see also Central States, Se. & Sw. Areas Pension Fund v. GWT 2005 Inc.*, No. 06 CV 1205, 2009 WL 3255246, at *1 (N.D. Ill. Oct. 6, 2009) (holding similarly); *Flagstar Bank, FSB v. Freestar Bank, N.A.*, No. 09 CV 1941, 2009 WL 2706965, at *3 (N.D. Ill. Aug. 25, 2009) (holding similarly).

However, even assuming *arguendo* that Groupon is entitled to move to modify the subpoena at this late date, there is no legal basis for them to do so. In evaluating discovery sought from a non-party, the Court may only modify or quash a subpoena if it subjects the non-

party to an undue burden, such that the "burden of compliance" outweighs "the benefit of production of the material sought by it." *Pac. Century Int'l, Ltd. v. Does 1-37*, 282 F.R.D. 189, 193 (N.D. Ill. 2012) (quoting *Nw. Mem'l Hosp. v. Ashcroft*, 362 F. 3d 923, 927 (7th Cir. 2004)). The Court considers the following factors in making this determination: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* (internal citations omitted). The non-party opposing the subpoena bears the burden of proving that the discovery sought is "overly broad, unduly burdensome, or not relevant." *Id.*

These five factors unequivocally weigh in favor ordering Groupon to fully comply with the subpoena by immediately producing all documents responsive to Ancestry's requests, as explained below.

1. *Needs of the Case.* Copies of each advertisement and consumer complaints regarding the Groupon advertisements at issue are only within Groupon's possession and control and are crucial to Ancestry's claims. Evidence that the Groupon advertisements confused consumers and resulted in persons mistakenly purchasing DDC's products, believing that they were purchasing Ancestry's products, is precisely why Ancestry initiated the Litigation against DDC. Evidence of actual consumer confusion is one of the factors that the Ohio District Court will consider in determining Ancestry's claims. In addition, Groupon's and DDC's knowledge of the consumer confusion and of Ancestry's trademark rights is relevant to whether the advertising was done in bad faith, which is another factor that the Ohio District Court will consider in evaluating Ancestry's trademark claims. In sum, the needs of the case strongly favor granting Ancestry's motion ordering Groupon's full compliance with the Subpoena here.

2. *The Amount in Controversy*.  In addition to the irreparable harm that Ancestry alleges DDC's actions have caused that is the result of DDC's trademark infringement and unfair competition, Ancestry's undetermined actual damages are excessive, based upon the volume of sales sold as a result of DDC's and Groupon's confusing advertisements.  It will be impossible for Ancestry to fully establish the extent of its damages without the requested discovery from Groupon.  Groupon has not confirmed what advertisements it ran for DDC, when they ran, and the revenues generated by those advertisements.

3. *The Parties' Resources.*  Groupon has significant resources and will not be unduly burdened by responding to Ancestry's reasonable requests.  Unlike Ancestry, Groupon is a publicly traded company (traded on the NASDAQ stock exchange), has a market capitalization of $2.36 *billion*, and on October 27, 2016, announced that it intends to acquire one of its largest competitors, LivingSocial.  Moreover, Groupon already performed the search and seems to have the additional responsive documents in hand.  Thus, responding to Ancestry's narrow requests will not unduly burden Groupon.

4. *The importance of the issues at stake in the Litigation*.  The touchstone of any trademark infringement or false advertising case is the protection of the consumer from being confused.  In the Litigation, Ancestry has already obtained information from DDC's production that its Groupon advertisements have caused profound consumer confusion and continue to cause such confusion.  Groupon has itself acknowledged that it has significant evidence of consumer confusion and consumer complaints related to DDC's Groupon advertisements that are only in Groupon's possession, and that Groupon's production of these documents would not be unduly burdensome.

5. _The importance of the proposed discovery in resolving the issues._  Evidence of "actual consumer confusion" is the most persuasive evidence of whether a likelihood of confusion results from a defendant's use of an allegedly infringing trademark.  As stated above, the evidence in Groupon's possession is vital to the Ohio District Court's assessment of Ancestry's claims in the underlying Litigation.

Accordingly, Ancestry is entitled to an order compelling the production of the additional documents in full compliance with its July 1, 2016 Subpoena as Ancestry's requests are narrowly tailored to obtain highly relevant information that is necessary for the Ohio District Court's consideration of the claims in the Litigation.  Responding to Ancestry's Subpoena will not unduly burden Groupon.  _See Ligas v. Maram_, No. 05 C 4331, 2007 WL 4225459, at *3 (N.D. Ill. Nov. 27, 2007) (granting motion to compel production from third-party where subpoena was reasonably calculated to lead to discovery of admissible evidence and compliance would not impose an undue burden on third-party).

## **CONCLUSION**

For the reasons set forth above, Ancestry respectfully requests that this Court grant its Motion to Compel and order Groupon to produce the requested documents within the next fourteen (14) days.

October 28, 2016  Respectfully submitted,

_____/s/ John H. Scheid, Jr._____
_One of Its Attorneys_

John H. Scheid, Jr.
Illinois Bar No. 6226015
PRETZEL & STOUFFER, Chartered
1 South Wacker Drive, Suite 2500

Chicago, IL 60606
(312) 578-7503 (phone)
(312) 346-8242 (fax)
jscheid@pretzel-stouffer.com

and

Jordan A. LaVine, Esq.
Alexis K. Arena, Esq.
Eric Clendening, Esq.
FLASTER/GREENBERG P.C.
1835 Market Street, Suite 1050
Philadelphia, PA 19103
(215) 279-9389

*Attorneys for Plaintiffs Ancestry.com Operations Inc. and*
*Ancestry.com DNA, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

A copy of Defendants' **MOTION TO COMPEL NON-PARTY GROUPON, INC., TO RESPOND TO SUBPOENA SERVED ON JULY 1, 2016,** was filed electronically this **28th** day of **October, 2016.** Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the court's electronic system.

**ATTORNEYS FOR DEFENDANT**

David B. Cupar, Esq.
McDonald Hopkins LLC
600 Superior Avenue East, Suite 2100
Cleveland, OH 44114
dcupar@mcdonaldhopkins.com

<u>**ATTORNEYS FOR GROUPON, INC.**</u>

Eric J. Maiers
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
(312) 456-1036 (phone)
(312) 899-0383 (fax)
maierse@gtlaw.com

Respectfully submitted,

/s/ John H. Scheid, Jr.
*One of Its Attorneys*

John H. Scheid, Jr.
Illinois Bar No. 6226015
PRETZEL & STOUFFER, Chartered
1 South Wacker Drive, Suite 2500
Chicago, IL 60606
(312) 578-7503 (phone)
(312) 346-8242 (fax)
jscheid@pretzel-stouffer.com

and

Jordan A. LaVine, Esq.
Alexis K. Arena, Esq.
Eric Clendening, Esq.

FLASTER/GREENBERG P.C.
1835 Market Street, Suite 1050
Philadelphia, PA  19103
(215) 279-9389 (phone)
(215) 279-9394 (fax)
Jordan.lavine@flastergreenberg.com
Alexis.arena@flastergreenberg.com


*Attorneys for Plaintiffs Ancestry.com Operations Inc. and Ancestry.com DNA, LLC*

# EXHIBIT A



# FLASTER GREENBERG

ATTORNEYS AT LAW · A PROFESSIONAL CORPORATION

Four Penn Center
1600 John F. Kennedy Boulevard
2nd Floor
Philadelphia, PA 19103
(215) 279-9393
Fax: (215) 279-9394
www.flastergreenberg.com

**ALEXIS ARENA, ESQUIRE**
Member of the NJ and PA Bar
Direct Dial: (215) 279-9908
E-Mail: alexis.arena@flastergreenberg.com
PLEASE RESPOND TO PHILADELPHIA

July 1, 2016

***VIA HAND DELIVERY***
Groupon, Inc.
<u>Attn: Officer, Managing or General Agent</u>
600 W. Chicago Avenue
Chicago, IL 60654

> **Re:** ***Ancestry.com Operations Inc. and Ancestry.com DNA, LLC vs. DNA Diagnostic Center, Inc.***
> ***Case No: 1:15-cv-00737-SSB-SKB***

Dear Sir/Madam:

Please be advised that our office represents the Plaintiffs, Ancestry.com Operations Inc. and Ancestry.com DNA, LLC, in the above referenced matter.

Enclosed is a Subpoena To Produce Documents. At this time, I do not anticipate needing you to appear in person in connection with this subpoena, provided you sign and return the enclosed declaration together with the requested documents to Attn: Danny Kach, Flaster/Greenberg, P.C., c/o LearnCore, 222 N. LaSalle, Suite 1550, Chicago, IL 60601, by July 22, 2016.

Please feel free to contact me if you have any questions or concerns with respect to this matter.

Very truly yours,

FLASTER/GREENBERG P.C.

Alexis Arena

AA/ldu
Enclosures
cc:     David B. Cupar, Esquire *(w/encls., via e-mail and regular mail)*
        Matthew J. Cavanaugh, Esquire *(w/encls., via e-mail and regular mail)*
        Paul Jason Linden, Esquire *(w/encls., via e-mail and regular mail)*

## SCHEDULE A

The following Definitions and Instructions form an integral part of each request and must be read in conjunction therewith.

## DEFINITIONS

1.      "**You**," "**Your**," or "**Groupon**" means Groupon, Inc., any other name by which the company is known, or through which it is acting or doing business, its officers, directors, employees, representatives and agents, and its past or present affiliates, predecessors and successors, and its officers, directors, employees, representatives and agents, and all representatives, consultants or others acting with authority on their behalf.

2.      "**DDC**" means Defendant DNA Diagnostic Center, Inc., and all of its officers, directors, employees, representatives and agents, and its past or present affiliates, predecessors and successors, and its officers, directors, employees, representatives and agents, and all representatives, consultants or others acting with authority on its behalf.

3.      "**Ancestry**" means Plaintiffs Ancestry.com Operations Inc. and Ancestry.com DNA, LLC and all of their officers, directors, employees, representatives and agents, and their past or present affiliates, predecessors and successors, and their officers, directors, employees, representatives and agents, and all representatives, consultants or others acting with authority on their behalf.

4.      **Document**.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

5.      **Identify (With Respect to Persons).**  When referring to a Person, "to identify" means to give, to the extent known, the person's full name, present or last known home and

business address, and when referred to a natural person, additionally, the present or last known place of employment and job title or description, and if employed by You, their dates and regular places of employment. Once a Person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

6. **Identify (With Respect to Documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), address(es) and recipient(s).

7. **Identify (With Respect to a Company).** When referring to a company or the response to an interrogatory or document request would require the identification of a company, it is requested that the company be identified by stating its full corporate name, a brief description of the general nature of its business, its state of incorporation, the address and principal place of business, and the identity of the officers or other person(s) having knowledge of the matter with respect to which the company has been identified.

8. **Person**. The term "person" is defined as any natural person or any business, legal or governmental entity or associate.

9. **All/Each**. The terms "all" and "each" shall be construed as all and each.

10. **And/Or**. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. **Number**. The use of the singular form of any word includes the plural and vice versa.

12. "**Related to**" means directly or indirectly, in whole or in part, referring to, relating to, connected with, commenting on, impinging or impacting upon, supporting, contradicting, establishing, affecting, prepared in connection with, responding to, analyzing, reflecting or constituting.

## INSTRUCTIONS

1. In producing documents in response to this request, You are required to furnish all documents in your possession, custody, or control that are known or available to You, regardless of whether those documents are possessed by You, or by any agent, attorney, representative, or employee. Documents to be produced include, without limitation, any responsive document that was or is prepared, kept, or maintained for the personal use, in the personal files, or as the personal property of any affiliate or any representative of the person responding hereto. You must make a diligent search of Your records and of other papers and materials in your possession or available to You or Your attorneys or other representatives.

2. When responding to this request for production of documents, You are requested to respond in writing and state as to each of the requests (a) that there are documents responsive to the request, and that they will be produced; (b) that there are documents responsive to the request, but that You refuse to produce them because of a claim of privilege or for some other reason; or (c) that there are no documents responsive to the request.

3. As to any document called for in this request that no longer exists, but that You are aware existed at one time, please identify such document and, in addition, identify the last known location and the reason such document is no longer in existence.

4. Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

5.      A request for any document shall be deemed to include a request for all actual, proposed, or contemplated drafts or mark-ups thereof, revisions, modifications, or amendments thereto, non-identical copies thereof, envelopes, transmittal sheets, emails, cover letters, exhibits, enclosures, or attachments in addition to the document itself.

6.      If any document responsive to any of the document production requests contained herein is withheld from production on the ground that such document is privileged or otherwise protected from discovery in whole or in part, then (i) the purportedly protected document shall be identified by its date, author, recipients, and present location and custodian, the persons to whom copies were furnished together with their job titles, its nature (for example, memorandum, report, chart, letter, etc.), and its subject matter; (ii) the nature and basis of the claim that such document is privileged or otherwise protected from discovery shall be stated, by its date, author, recipients, nature (for example, memorandum, report, chart, letter, etc.), and subject matter, with sufficient particularity and in sufficient detail to permit the Court to rule on the claim that such document is privileged or otherwise protected from discovery; and (iii) all portions of such document that are not claimed to be privileged or otherwise protected from discovery shall be produced.

7.      If any document production request contained herein is claimed to be objectionable, then (i) the portion of such document production request claimed to be objectionable shall be identified, and the nature and basis of the objection shall be stated with sufficient particularity and in sufficient detail to permit the Court to rule on the validity of the objection; (ii) any document withheld from production pursuant to such objection shall be identified with sufficient particularity and in sufficient detail to permit the Court to determine that such document falls within the scope of such objection; and (iii) documents shall be

produced in response to any portion of such document production request that is not claimed to be objectionable.

8.       You are requested to submit an affidavit of compliance, stating: (a) the name and address of the person or persons who made the search of your files for the documents called for herein, and the location of the files searched; (b) that a complete and comprehensive search was made for the documents called for herein; (c) that all responsive documents which are responsive to the demand, except those that You claim are privileged, have been produced; and (d) that the documents produced are authentic and genuine documents.

## **DOCUMENT REQUESTS**

1.       All Documents and communications related to DDC's "AncestrybyDNA" products/services between You and DDC from January 1, 2011, to present.

2.       All Documents and communications related to contracts for any work that You performed for DDC relating to its "AncestrybyDNA" products/services from January 1, 2011, to present.

3.       All Documents sufficient to identify Your annual revenues related to the "AncestrybyDNA" products/services from January 1, 2011, to present.

4.       All Documents sufficient to identify the breakdown and distribution of profits and/or revenues between You and DDC relating to the "AncestrybyDNA" products/services.

5.       All Documents and communications related to Ancestry, its products/services, or its trademarks, between You and DDC from January 1, 2011, to present.

6.       All Documents and communications related to creating, planning, drafting, editing, revising, or finalizing any advertisement or marketing for the "AncestrybyDNA" products/services between You and DDC from January 1, 2011, to present.

7.     All Documents sufficient to identify each and every advertisement that You published, distributed, or marketed in any manner for DDC's "AncestrybyDNA" products/services, from January 1, 2011, to present.

8.     All Documents and communications of any consumer complaints, reviews, or correspondence that You received, from January 1, 2011, to present, for any "AncestrybyDNA" advertisements where the customer (i) mentioned Ancestry, its products/services, or its trademarks, or (ii) stated in any way that they had not received the product/service they had expected, or the type of product/service they expected.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Ohio

| | |
|---|---|
| ANCESTRY.COM OPERATIONS, INC., et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:15-cv-00737 |
| DNA DIAGNOSTIC CENTER, INC., | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Groupon, Inc., Attn: Officer, Managing or General Agent
                 600 W. Chicago Ave. Chicago, IL 60654

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: Attn: Danny Kach, FLASTER/GREENBERG P.C . c/o LearnCore, 222 N. LaSalle, Suite 1550 Chicago, IL 60601 | Date and Time: 07/22/2016 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/01/2016

        *CLERK OF COURT*
                                                              OR
_____                    _____
      *Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*          Plaintiffs
Ancestry.com Operations, Inc., et al.                                                 , who issues or requests this subpoena, are:

Alexis K. Arena,1600 JFK BLVD, 2nd Floor, Philadelphia PA 19103, alexis.arena@flastergreenberg.com, 215-279-9908

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:15-cv-00737

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**FLASTER/GREENBERG P.C.**
By: Alexis K. Arena, Esquire
alexis.arena@flastergreenberg.com
1600 JFK Boulevard, 2nd Floor
Philadelphia, PA 19103
(215) 279-9908 (Telephone)
(215)279-9394 (Facsimile)
*Attorney for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| ANCESTRY.COM OPERATIONS INC., ANCESTRY.COM DNA, LLC, | |
| Plaintiff, | CIVIL ACTION NO. 1:15-cv-00737-SSB-SKB |
| v. | |
| DNA DIAGNOSTIC CENTER, INC., | |
| Defendant. | |

## DECLARATION OF RECORDS CUSTODIAN FOR GROUPON, INC.

I am the Records Custodian for <u>Groupon, Inc.</u> I have authority to certify to the attached

records, and declare as follows:

(a)     A careful search of the record(s) has been made by me and/or under my

direction in response to the July 1, 2016 subpoena issued by counsel for Plaintiffs, Ancestry.com

Operations Inc. and Ancestry.com DNA, LLC.

(b)     The record(s) provided with this declaration constitute true and correct

copies of documents that were in my custody and were kept in the course of regularly conducted

business activities as a regular practice of <u>Groupon, Inc.</u> and consist of _____ pages.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____, 2016


_____

# EXHIBIT B

GROUPON

Danielle S. Cary
Claims and Escalations Specialist
600 W. Chicago Ave. Suite 400
Chicago, IL 60654
Phone: (312) 662- 6502
Email: dcary@groupon.com

August 12, 2016

**By Email (alexis.arena@flastergreenberg.com)**
Ms. Alexis Arena
Flaster Greenberg
Four Penn Center
1600 John F. Kennedy Boulevard, 2nd Floor
Philadelphia, PA 19103

   **Re:**  Ancestry.com Operatios Inc. and Ancestry.com DNA, LLC v. DNA Diagnostic Center, Inc.; Case No.: 1:15-cv-00737-SSB-SKB

Dear Ms. Arena:

   I am in receipt of your subpoena for documents issued to Groupon, Inc. ("Groupon") in relation to the above matter. Groupon objects to your subpoena requests to the extent the request are overly burdensome and/or unduly broad and to the extent the requests seek information that is irrelevant or information that is personal protected information of consumers, or information that is proprietary and/or otherwise protected.

   Notwithstanding and without waiving these objections, attached please find documents responsive to your requests.

      Sincerely,

      Danielle Cary
      Danielle Cary
      *Claims and Escalations Specialist*

DSC/js
Attachments